UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 3:13-bk-3943-PMG and 3:13-bk-3944-PMG |
| Koon's Farms, Inc., | Jointly Administered |
| Debtor. | Chapter 12 |
| Koon's Farms, Inc., Plaintiff, | |
| vs. | Adv. No. 3:13-ap-355-PMG |
| Lafayette State Bank, Defendant. | |

## ORDER ON DEFENDANT, LAFAYETTE STATE BANK'S MOTION FOR SUMMARY JUDGMENT

**THIS CASE** came before the Court for hearing to consider the Motion of the Defendant, Lafayette State Bank (the Bank), for Summary Judgment.

The Debtor, Koon's Farms, Inc., commenced this adversary proceeding by filing a Complaint to avoid and recover a preferential transfer from the Bank. In response to the Complaint, the Bank asserts that it is entitled to a summary judgment in its favor, because the transfer involved a valid setoff that is not voidable as a preference.

1

Section 553(a) of the Bankruptcy Code specifically provides that other sections of the Bankruptcy Code, such as the preference provisions found in §547, do not affect a creditor's right to setoff mutual prepetition debts owing between the creditor and the debtor.

In this case, the record shows that the Bank exercised its right to setoff the Debtor's bank account prior to the filing of the Chapter 12 petition, and that the setoff complied with the requirements of §553 of the Bankruptcy Code. Accordingly, the preference provisions do not apply to the transaction, and summary judgment should be entered in favor of the Bank in this proceeding.

## Background

The Debtor, Koon's Farms, Inc., operates a farm. Sidney C. Koon and Julie S. Koon (the Koons) are officers and the sole shareholders of the Debtor.

Between 2008 and 2011, the Debtor and the Koons entered into a series of loan agreements with the Bank, as evidenced by the following documents:

    1. Promissory Note dated June 6, 2008, in the amount of $450,000.00, signed by Sidney C. Koon and Julie S. Koon as the borrowers. (Doc. 7, Exhibit A to Affidavit).

    2. Promissory Note dated June 6, 2008, in the amount of $102,446.75, signed by Sidney C. Koon and Julie S. Koon as the borrowers. (Doc. 7, Exhibit B to Affidavit).

    3. Promissory Note dated April 28, 2010, in the amount of $192,000.00, signed by Sidney C. Koon and Julie S. Koon on behalf of Koon's Farms, Inc. as the borrower. (Doc. 7, Exhibit C to Affidavit).

    4. Promissory Note dated May 18, 2011, in the amount of $101,760.30, signed by Sidney C. Koon and Julie S. Koon on behalf of Koon's Farms, Inc. as the borrower. (Doc. 7, Exhibit D to Affidavit).

    5. Promissory Note dated May 11, 2011, in the amount of $128,455.30, signed by Sidney C. Koon and Julie S. Koon on behalf of Koon's Farms, Inc. as the borrower. (Doc. 7, Exhibit E to Affidavit).

      6. Commercial Guaranty dated August 27, 2010, signed by Sidney C. Koon and Julie S. Koon on behalf of Koon's Farms, Inc. as the guarantor of the indebtedness of the individuals. (Doc. 7, Exhibit F to Affidavit).

All of the Promissory Notes include the following language regarding the Bank's right of setoff:

> **RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all Borrower's accounts with Lender (whether checking, savings, or some other account). This includes all accounts Borrower holds jointly with someone else and all accounts Borrower may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. Borrower authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against any and all such accounts, and, at Lender's option, to administratively freeze all such accounts to allow Lender to protect Lender's charge and setoff rights provided in this paragraph.

(Doc. 7, Affidavit of William M. Primm, ¶ 10, and Exhibits to Affidavit). The Commercial Guaranty also includes the setoff provision with respect to the Debtor's accounts.

The Debtor did not make payments to the Bank in accordance with the Promissory Notes. As of June 5, 2013, the loans were in default, and the total amount owed to the Bank on that date was approximately $2,213,105.16. (Doc. 7, Affidavit of Primm, ¶¶ 5, 11; Doc. 8, pp. 2-3).

In June of 2013, the Debtor maintained an account at the Bank, which was assigned account number 21771901 (the Account). (Doc. 7, Affidavit of Primm, ¶ 2).

On June 5, 2013, two checks in the total amount of $24,998.20 were deposited into the Account. According to the Debtor, the funds were deposited by the United States Dairy Association, and represented the proceeds of a loan obtained by the Debtor to upgrade certain farm equipment. (Doc. 1, ¶¶ 8-11).

On June 6, 2013, the Bank debited the Account by the sum of $27,991.70, which constituted all of the funds deposited into the Account on June 5, 2013, plus the prior balance in the Account of $2,993.50. (Doc. 8, p. 3).

3

On June 6, 2013, the same date as the debit, the Bank applied all of the funds debited from the Account to the five loans made by the Bank to the Debtor or the Koons. The funds were applied to the five loans in varying amounts ranging from $795.85 to $10,015.89, for a total payment of $27,991.70. (Doc. 7, Affidavit of Primm, ¶¶ 7, 8; Doc. 8, p. 3).

On June 26, 2013, approximately three weeks after the transactions on the Account, the Debtor filed a petition under Chapter 12 of the Bankruptcy Code.

### Discussion

On July 31, 2013, the Debtor filed a Complaint against the Bank to avoid and recover the transaction by the Bank as a fraudulent transfer pursuant to §547 of the Bankruptcy Code. Generally, a transfer is avoidable as a preference if it is made to or for the benefit of a creditor, on account of an antecedent debt, while the debtor was insolvent, and within ninety days before the bankruptcy petition was filed, and if it enables the creditor to receive more than it would receive in a liquidation case. 11 U.S.C. §547(b).

The Bank answered the Debtor's Complaint, and asserted its right of setoff as an affirmative defense to the preference action. (Doc. 5, p. 3).

### A. Section 553

"The Bankruptcy Code is explicit that questions of setoff are governed exclusively by section 553 of the Bankruptcy Code." In re Dillard Ford, Inc., 940 F.2d 1507, 1512 (11th Cir. 1991).

Section 553(a) provides in part:

**§553. Setoff**

> (a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this

title against a claim of such creditor against the debtor that arose before the commencement of the case.

11 U.S.C. §553(a). The purpose of an allowed setoff is to enable "entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'" Studley v. Boylston National Bank of Boston, 229 U.S. 523, 528, 33 S.Ct. 806, 57 L.Ed. 1313 (1913)(quoted in In re Claudia Acosta-Garriga, 506 B.R. 149, 151 (M.D. Fla. 2013)).

In order for a creditor's prepetition right of setoff to survive in bankruptcy under §553(a), the parties must owe each other mutual, prepetition debts. In re Bill Heard Enterprises, Inc., 438 B.R. 745, 750 (Bankr. N.D. Ala. 2010).

> Section 553 lists three requirements: (1) the setoff must involve a mutual debt so that both the creditor and debtor owe each other money, 11 U.S.C. §553(a); (2) both sets of obligations must arise prior to the bankruptcy filing, *id.*; and (3) the setoff cannot fall within three exceptions, *id.*

In re Dillard Ford, Inc., 940 F.2d at 1512. The "three exceptions" to a claimed setoff apply if (1) the creditor's claim is disallowed in the case, (2) the creditor obtained the claim from a third party, or (3) the creditor incurred the debt owed to the debtor "for the purpose of obtaining a right of setoff." Id.; 11 U.S.C. §553(a)(1), (a)(2), (a)(3).

If the creditor satisfies the requirements for a valid setoff, and the setoff is not limited by the exceptions in §553(a), a prepetition setoff of mutual obligations is permitted by the Bankruptcy Code. In re Koch, 224 B.R. 572, 575-77 (Bankr. E.D. Va. 1998).

**B. Nonbankruptcy law**

Section 553, however, does not create a creditor's setoff rights. Instead, the section simply preserves existing rights to setoff that were determined under nonbankruptcy law. In re Patterson, 967 F.2d 505, 508-09 (11th Cir. 1992). "The question of whether a creditor has a valid right of setoff must

be determined by reference to applicable nonbankruptcy law." In re MCB Financial Group, Inc., 461 B.R. 914, 919 (Bankr. N.D. Ga. 2011).

Under Florida law, for example, the "basis for set-off is mutuality of claims; that is to say claims existing between the same parties and in the same right." Everglade Cypress Co. v. Tunnicliffe, 148 So. 192, 193 (Fla. 1933)(quoted in Wiand v. Meeker, 2012 WL 6930504, at 18 (M.D. Fla.)).

In Florida, a bank generally may setoff an account maintained by its customer if the customer is indebted to the bank and the debts are mutual. 5 Fla. Jur.2d, Banks and Lending Institutions, §222. Under the "general law" on the subject of setoffs, a "bank has the right in Florida to set-off against deposits made in the ordinary course of business." Northside Bank of Tampa v. Electrical Enterprises, Inc., 353 So.2d 927, 928 (Fla. 2d DCA 1978)(quoting Aetna Casualty and Surety Company v. Atlantic National Bank of West Palm Beach, 430 F.2d 574 (5th Cir. 1970). See also Bankatlantic v. Estate of Glatzer, 61 So.3d 1222, 1223 (Fla. 3d DCA 2011), and Ebsary Foundation Co. v. Barnett Bank of South Florida, N.A., 569 So.2d 806, 806-07 (Fla. 3d DCA 1990)(A bank's setoff of an account under Florida common law and an agreement with its customer was valid, where the customer was indebted to the bank on defaulted notes.).

**C. Section 547**

As shown above, §553 provides that a creditor's prepetition setoff rights are not affected by the Bankruptcy Code, unless a specific exception applies to the transaction. 11 U.S.C. §553(a). Consequently, it is generally held that a valid, prepetition setoff is not subject to avoidance as a preferential transfer pursuant to §547. "Section 553(a), which preserves existing setoff rights, states that other provisions of title 11, such as Section 547, do not apply to setoffs." In re Bergalowski, 2012 WL 4457742, at 1 (Bankr. N.D. Ga.). The "plain language of section 553(a) provides that section 547

is not applicable to setoff rights." In re MCB Financial Group, Inc., 461 B.R. 914, 920 (Bankr. N.D. Ga. 2011). See also In re Koch, 224 B.R. 572, 575 (Bankr. E.D. Va. 1998).

Under §553, therefore, a creditor's prepetition exercise of its setoff rights is not generally avoidable as a preferential transfer under §547 of the Bankruptcy Code. Further, the inability to avoid a setoff as a preference is consistent with the Bankruptcy Code's treatment of setoff rights as secured claims. A right of setoff is considered a secured claim under Section 506 of the Bankruptcy Code, which provides:

### § 506. Determination of secured status

> (a)(1) <u>An allowed claim of a creditor</u> secured by a lien on property in which the estate has an interest, or <u>that is subject to setoff under section 553 of this title, is a secured claim</u> to the extent of the value of such creditor's interest in the estate's interest in such property, or <u>to the extent of the amount subject to setoff</u>, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim.

11 U.S.C. §506(a)(1)(Emphasis supplied). By exercising a right of setoff, therefore, a creditor "is in effect taking its collateral and is not thereby receiving more than it would otherwise be entitled" in a liquidation case, as required to recover a preferential transfer under §547 of the Bankruptcy Code. In re Bergalowski, 2012 WL 4457742, at 1 (Bankr. N.D. Ga.). See also In re Hovdebray Enterprises, 483 B.R. 187, 195 (8th Cir. BAP 2012)(A bank did not receive a preference, because it held a security interest in the funds by virtue of its setoff rights under the loan documents and state law.)

A setoff is not generally voidable as a preferential transfer, therefore, as long as the transaction complies with applicable state law and the requirements of §553. In re Dillard Ford, Inc., 940 F.2d at 1512. As long as the requirements of §553(a) are satisfied, the "plain language of section 553(a) provides that section 547 is not applicable to setoff rights." In re MCB Financial Group, Inc., 461 B.R.

7

914, 920 (Bankr. N.D. Ga. 2011). If a creditor exercised a right of setoff that complies with §553, the setoff is a valid defense to a preference action under §547 of the Bankruptcy Code. In re Koch, 224 B.R. at 575-77.

**D. Application**

In this case, the Bank exercised its right of setoff as to the Debtor's bank account on June 6, 2013, approximately three weeks before the Debtor filed its bankruptcy petition. The Debtor owed the Bank more than $2,200,000.00 at the time of the setoff, and the Promissory Notes signed on behalf of the Debtor authorized the Bank to exercise the right of setoff.

The Debtor does not assert that the setoff did not comply with Florida law, or that the setoff did not involve prepetition mutual debts between the Debtor and the Bank. Additionally, the Debtor does not assert that the setoff falls within the exceptions set forth in §553(a)(1) or §553(a)(2) of the Bankruptcy Code.

Instead, the Debtor contends that the setoff is not preserved under §553, because it falls within the exception provided by §553(a)(3). (Doc. 13, pp. 1, 3; Transcript, pp. 49-50). Under §553(a)(3), a prepetition setoff is not preserved by the Bankruptcy Code if the debt owed to a debtor was incurred by the creditor "for the purpose of obtaining a right of setoff." 11 U.S.C. §553(a)(3). According to the Debtor:

> The [Bank] allowed the deposits into the account despite the fact that the bank knew of the financial difficulties, kept the checking account open despite repeated defaults over the course of almost 2 years on the outstanding loan obligations, the Chapter 12 Plan and the post-dismissal obligations. There was absolutely no reason for the bank to allow the account to be kept open other than to create a debt in favor of the Debtor.

(Doc. 13, p. 7). The Debtor further asserts that the sum of $2,900.00 had remained in the account for a lengthy period prior to June 5, 2013, without setoff by the Bank, but that the Bank "grabbed" the funds on June 6, 2013, immediately after the additional sum of $24,998.20 was deposited into the account. (Transcript, pp. 50-51). Consequently, the Debtor contends that the Bank allowed the deposit to be made into the account "for the sole purpose of creating a debt in favor of" the Debtor. (Doc. 13, p. 7).

The setoff by the Bank on June 6, 2013, does not fall within the exception provided by §553(a)(3) of the Bankruptcy Code.

> The section 553(a)(3) exception to setoff prevents the courts from rewarding creditors who persuade a debtor to engage in conduct which has the effect of impermissibly improving the creditor's position among the other creditors. Although the conduct may occur in many forms, the archetypal situation is the case where a debtor has a preexisting obligation to the creditor, and, in the months prior to debtor's filing for bankruptcy, the debtor pays back the creditor by "loaning" him money. Later the parties notice the two debts and engage in setoff, canceling both of them. In this archetypal situation, the creditor obtains the debt only to engage in setoff, thus this "loan" is disfavored by the setoff rules.

In re Dillard Ford, Inc., 940 F.2d at 1513. Factors to consider in determining whether a creditor incurred a debt to the debtor for the purpose of obtaining a right to setoff include whether the deposit into the debtor's account was made in good faith and in the regular course of business, and whether the deposit was subject to withdrawal at the will of the depositor. In re Hovdebray Enterprises, 483 B.R. at 194.

The circumstances of this case do not show that the Bank incurred the debt to the Debtor for the purpose of obtaining setoff rights. First, the Debtor acknowledges that the funds were deposited into the account by the United States Dairy Association (USDA), and represented the proceeds of a loan obtained by the Debtor to upgrade certain farm equipment. In its Complaint, for example, the Debtor alleged that (1) it had entered a credit agreement with USDA pursuant to which USDA agreed to loan

9

the Debtor $24,998.20 to upgrade its irrigation system, and (2) the agreement between the Debtor and the USDA provided that the USDA would deposit the loan proceeds into the Debtor's bank account. (Doc. 1, ¶¶ 8, 9).

Accordingly, the deposit was made by a third party that was not associated with the Bank, and was made in connection with the Debtor's farm operations. There is no indication in the record that the Bank had any prior communications with the USDA or the Debtor in connection with the deposit, or that the Bank had any knowledge of the loan between the Debtor and the USDA.

Second, the timing of the setoff, standing alone, does not compel the conclusion that the Bank incurred the debt for the specific purpose of obtaining a setoff right. The USDA deposited the funds for a legitimate business purpose pursuant to its arrangement with the Debtor. Even though the setoff occurred shortly after the deposit was made, the record does not show that the Bank "put in place a plan to deliberately build up or stockpile funds in the Debtor's accounts in order to obtain setoff rights." In re Summit Financial Services, Inc., 240 B.R. 105, 120-21 (Bankr. N.D. Ga. 1999).

In other words, the record does not establish that the setoff exercised by the Bank falls within the exception provided by §553(a)(3) of the Bankruptcy Code. The setoff asserted by the Bank complies with state law and §553 of the Bankruptcy Code, and is preserved in the Debtor's Chapter 12 case.

## Conclusion

The Debtor commenced this adversary proceeding by filing a Complaint to avoid and recover a preferential transfer from the Bank. In response to the Complaint, the Bank asserts that it is entitled to a summary judgment in its favor, because the transfer involved a valid setoff that is not voidable as a preference.

Section 553(a) of the Bankruptcy Code specifically provides that other sections of the Bankruptcy Code, such as the preference provisions of §547, do not affect a creditor's right to setoff mutual prepetition debts owing between the creditor and the debtor.

In this case, the record shows that the Bank exercised its right to setoff the Debtor's bank account prior to the filing of the Chapter 12 petition, and that the setoff complied with the requirements of §553 of the Bankruptcy Code. Accordingly, the preference provisions do not apply to the transaction, and summary judgment should be entered in favor of the Bank in this proceeding.

Accordingly:

**IT IS ORDERED** that:

1. The Motion of the Defendant, Lafayette State Bank, for Summary Judgment is granted.

2. A separate Summary Final Judgment will be entered in favor of the Defendant, Lafayette State Bank, and against the Debtor, Koon's Farms, Inc., in this adversary proceeding.

**DATED** this _6_ day of _May_, 2014.

**BY THE COURT**

_____
PAUL M. GLENN
United States Bankruptcy Judge